# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **DAWN WAERS** : | |
| 531 Steubenville Ave. : | |
| Cambridge, Ohio 43725 : | |
| : | |
| Plaintiff, : | CASE NO. 2:20-cv-3713 |
| : | |
| v. : | JUDGE |
| : | |
| : | MAGISTRATE JUDGE |
| **EMBASSY HEALTHCARE –** : | |
| **EMBASSY CAMBRIDGE, LLC** : | |
| 25201 Chagrin Blvd., Suite 190 : | |
| Cleveland, OH 44122 : | |
| : | **Jury Demand Endorsed Herein** |
| : | |
| : | |
| Defendant. : | |

## COMPLAINT

NOW COMES Plaintiff Dawn Waers ("Plaintiff") and proffers this Complaint for damages against Defendant Embassy Healthcare – Embassy Cambridge, LLC ("Defendant").

## THE PARTIES

1. Plaintiff is a natural person residing in Guernsey County, Ohio.

2. Defendant Embassy Healthcare - Embassy Cambridge, LLC is an Ohio Limited Liability Company doing business in the Southern District of Ohio.

3. Plaintiff was an employee of Defendant as defined by Title VII of the Civil Rights Act of 1964, U.S.C. § 2000e, *et seq* and the Ohio Civil Rights Act, R.C. § 4112 at all relevant times herein.

4. Defendant is an employer as defined by Title VII of the Civil Rights Act of 1964, U.S.C. § 2000e, *et seq*. and the Ohio Civil Rights Act, R.C. § 4112.

## JURISDICTION AND VENUE

5. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 and Ohio Laws of Discrimination. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

6. Venue is proper pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio, Plaintiff performed her job duties there, and Defendant is doing and has done substantial business in the Southern District of Ohio.

## FACTUAL BACKGROUND

7. Plaintiff began working for Defendant in or around January of 2010 as a STNA.

8. Plaintiff worked at Defendant's nursing home location, located at 1471 Mills Creek Valley Drive, Cambridge, Ohio. At the time Plaintiff became employed, this facility was owned and operated by Cambridge Health Leasing, LLC dba Cambridge Care and Rehabilitation.

9. On or about March 1, 2020, Defendant Embassy Healthcare - Embassy Cambridge, LLC became the operator of the facility in which Plaintiff worked.

10. Plaintiff has worked for a cumulative total of eight (8) years in the Cambridge, Ohio facility. At the time of her termination, Plaintiff was employed as a Medical Records Clerk and STNA, and she also assisted in marketing.

11. Defendant is a skilled-nursing facility in the business of providing short term care, long term care, and rehabilitation services to its residents.

12. Plaintiff was sexually assaulted by an employee of Defendant on or about Monday, March 16, 2020.

13. Charles Bowles, Director of Maintenance, called Plaintiff into his office to ask for assistance with his email account.

14. Plaintiff stepped in front of Mr. Bowles' computer, and he groped Plaintiff' legs, vagina, and buttocks.

15. Plaintiff immediately reported the assault to her supervisor and administrator, Crystal Moore.

16. Plaintiff wrote a statement about the incident for Defendant, and Ms. Moore advised Plaintiff not to file a police report because Defendant would "take care of it."

17. Shortly thereafter, Mr. Bowles confronted Plaintiff and told her that what happened that day "was between the two of them." Plaintiff replied that it was extremely inappropriate.

18. Mr. Bowles left work that day at 1:00PM; however, he was scheduled to leave early in advance. His early departure was independent of and not due to his sexual harassment of Plaintiff.

19. The following day, March 17, 2020, Mr. Bowles returned to work at approximately 10:00AM.

20. Plaintiff's office was located directly across the hall from Mr. Bowles, which made her extremely uncomfortable to work in such close proximity to someone who had sexually assaulted her the previous day.

21. Plaintiff felt unsafe because the man who assaulted her had not been punished or investigated by Defendant.

22. Plaintiff feared retaliation by Mr. Bowles for reporting him. She immediately left work and filed a report with the Cambridge Police Department.

23. That evening, Plaintiff sent a text message to Ms. Moore inquiring whether she had to continue working with Mr. Bowles.

24. Ms. Moore advised Plaintiff to contact Defendant's corporate office if she had any concerns about working with Mr. Bowles.

25. As advised, Plaintiff contacted corporate HR director Kristy Brownell and left a voicemail.

26. Ms. Brownell called her back and advised her that she would continue working with Mr. Bowles and that she should avoid being in a room alone with him since this was a "he said, she said" situation.

27. Ms. Brownell told Plaintiff that Defendant had not received any prior complaints about Mr. Bowles so apparently Defendant does not take sexual harassment/assault allegations seriously unless there are multiple allegations against the harasser.

28. The instruction to avoid being in a room with Mr. Bowles would be particularly difficult, as Mr. Bowles asked Plaintiff about the emergency operation plan that she was in charge of drafting when he assaulted her and Plaintiff has been instructed to work closely with Mr. Bowles to prepare the plan in case of emergency.

29. Additionally, Mr. Bowles's office is right across the hall from Plaintiff's, meaning she would have to see the person who sexually assaulted her every single day at work.

30. On or about March 18, 2020, Plaintiff was constructively discharged from her position because no reasonable person should be expected to continue to work with someone who sexually assaulted them, and Defendant did nothing to protect her or address her concerns, aside from remind Mr. Bowles of its sexual harassment policy which he was obviously already aware of.

## COUNT I - TITLE VII
**Sexual Harassment: Hostile Work Environment and Termination/Constructive Discharge**

31. Plaintiff reasserts and reincorporates each and every allegation contained in paragraphs 1-30 above as if fully rewritten herein.

32. Defendant engaged in conduct that violates Title VII prohibiting sex discrimination by sexually harassing and assaulting Plaintiff, by creating and encouraging a hostile work environment for Plaintiff based on sex, by refusing to remedy the situation and provide a reasonable and non-hostile work environment, and by constructively discharging/terminating Plaintiff when it refused to act to protect her from Mr. Bowles.

33. Plaintiff was subjected to unwelcomed sexual harassment when Defendant's employee Charles Bowles invited Plaintiff into his office and groped her legs, buttocks, and vagina.

34. Plaintiff immediately reported the sexual harassment to Defendant.

35. The harassment was based on Plaintiff's sex.

36. The harassment unreasonably interfered with Plaintiff's work performance because she had a panic attack at work after Defendant informed her that she would have to continue working with Mr. Bowles.

37. The harassment was sufficiently severe or pervasive enough to create a hostile or offensive working environment because Plaintiff felt unsafe at work in the presence of Mr. Bowles.

38. Defendant knew or should have known of the charged sexual harassment because Plaintiff reported it to Defendant immediately and submitted a statement about the incident to Defendant. Plaintiff also had a phone call about the assault with Kristy Brownell, HR director.

39. Defendant failed unreasonably to take prompt and appropriate corrective action because it merely instructed Plaintiff to avoid being in the same room as Mr. Bowles and took no other action to discipline him or separate the two.

40. Defendant claims to have educated Mr. Bowles on Defendant's sexual harassment policy.

41. Defendant put the burden on Plaintiff to avoid her sexual harasser rather than taking appropriate corrective action against Mr. Bowles.

42. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including, but not limited to, loss of salary, benefits, and other terms, privileges and conditions of employment for which Defendant is liable.

43. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## COUNT II - TITLE VII
### Retaliation

44. Plaintiff reasserts and reincorporates each and every allegation contained in paragraphs 1-43 above as if fully rewritten herein.

45. Plaintiff engaged in a protected activity by, *inter alia*, opposing the sexual harassment and hostile work environment.

46. Defendant was aware that Plaintiff engaged in a protected activity, as she reported the sexual harassment to her supervisor Crystal Moore on or about March 16, 2020. Plaintiff also reported the sexual harassment to Defendant's HR director Kristy Brownell on or about March 17, 2020.

47. Once Plaintiff engaged in a protected activity, Defendant intentionally retaliated against her by refusing to remedy the situation, refusing to provide a reasonable and non-hostile work environment, constructively discharging/terminating her, and otherwise discriminating against her in the terms, privileges, and conditions of her employment.

48. As a direct and proximate cause of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to, pain and suffering and the loss of salary, benefits, and other terms, privileges, and conditions of her employment for which Defendant is liable.

49. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

### COUNT III- Ohio Civil Rights Act
### Sexual Harassment: Hostile Work Environment and Constructive Discharge/Termination

50. Plaintiff reasserts and reincorporates each and every allegation contained in paragraphs 1-49 above as if fully rewritten herein.

51. Defendant engaged in conduct that violates R.C. 4112 prohibiting sex discrimination by sexually harassing and assaulting Plaintiff, by creating and encouraging a hostile work environment for Plaintiff based on sex, by refusing to remedy the situation and provide a reasonable and non-hostile work environment, and by constructively discharging/terminating Plaintiff when it refused to protect her from Mr. Bowles.

52. Plaintiff was subjected to unwelcomed sexual harassment when Defendant's employee Charles Bowles invited Plaintiff into his office and groped her legs, buttocks, and vagina.

53. The harassment was based on Plaintiff's sex.

54. The harassing conduct was sufficiently severe or pervasive to affect the terms, conditions and privileges of Plaintiff's employment.

55. Defendant knew or should have known of the harassment, yet did not take immediate and corrective action, aside from reminding Mr. Bowles of Defendant's sexual harassment policy which he was undoubtedly already aware of.

56. As a result of the hostile environment described herein and because she opposed the sexual harassment, Plaintiff was constrictively discharged/terminated.

57. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to, serious emotional distress and the loss of salary, benefits, and other terms, privileges and conditions of employment for which Defendant is liable.

58. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## COUNT IV- Ohio Civil Rights Act
### Retaliation

59. Plaintiff reasserts and reincorporates each and every allegation contained in paragraphs 1-58 above as if fully rewritten herein.

60. Plaintiff engaged in a protected activity by, *inter alia*, opposing the sexual harassment and hostile work environment.

61. Defendant was aware that Plaintiff engaged in a protected activity, as she reported the sexual harassment to her supervisor Crystal Moore on or about March 16, 2020. Plaintiff also reported the sexual harassment to Defendant's HR director Kristy Brownell on or about March 17, 2020.

62. Defendant was aware that Plaintiff engaged in a protected activity because she directly reported the sexual harassment to Defendant.

63. Once Plaintiff engaged in a protected activity, Defendant intentionally retaliated against her by refusing to remedy the situation, refusing to provide a reasonable and non-hostile work environment, by constructively discharging/terminating her, and otherwise discriminating against her in the terms, privileges and conditions of her employment.

64. As a direct and proximate cause of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

65. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay, compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $75,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

/s/ *Rachel Sabo Friedmann*
Rachel Sabo Friedmann (0089226)
(*Rachel@TheFriedmannFirm.com*)
Peter G. Friedmann (0089293)
(*Pete@TheFriedmannFirm.com*)
**The Friedmann Firm LLC**
**(614) 610-9757**
1457 South High Street
Columbus, Ohio 43207

*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/ *Rachel Sabo Friedmann*

Rachel Sabo Friedmann (0089226)