UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Dawn Waers,

    Plaintiff,

    v.

Embassy Healthcare –
Embassy Cambridge LLC,

    Defendant.

Case No. 2:20-cv-3713

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

Defendant moves *in limine* to exclude various types of evidence from trial. Mot. Limine, ECF No. 49. Plaintiff has responded. Resp., ECF No. 53. The Court addresses each type of evidence below.

### I.    STANDARD OF REVIEW

"A ruling on a motion in limine is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citation omitted). The advanced ruling aids the parties "in formulating their trial strategy," but a court "may change its ruling on a motion in limine where sufficient facts have developed to warrant the change." *Id.* (citation omitted).

## II. ANALYSIS

### A. Terri Smith

Defendant seeks to exclude testimony from Ms. Terri Smith, including any evidence concerning Mr. Bowles's alleged sexual assault of Ms. Smith. Mot. Limine 2–5, ECF No. 49.

Under Federal Rule of Evidence 404(b), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." To the extent Plaintiff seeks to offer evidence concerning *Terri Smith* to bolster her contention that Mr. Bowles sexually assaulted *Plaintiff*, Rule 404(b) would plainly bar such evidence.

But Plaintiff argues the evidence will not be offered for that purpose. Instead, she intends to offer Ms. Smith's testimony to rebut Crystal Moore's testimony that Ms. Moore interviewed every woman who worked for Defendant as part of Defendant's investigation into Plaintiff's complaint of sexual harassment. Plaintiff expects Terri Smith to testify that Ms. Moore never interviewed her, which, Plaintiff asserts, weighs on Ms. Moore's credibility as well as the sufficiency of Defendant's investigation. Plaintiff also intends to have Ms. Smith testify that, if she had been interviewed, she would have told Ms. Moore of her own allegation of sexual harassment against Mr. Bowles.

The Court **RESERVES RULING** on the issue of whether Terri Smith may testify. Defendant should be prepared to proffer at the Final Pretrial Conference

whether Ms. Moore will testify (or has stated in the past) that she interviewed every female employee of Defendant. Moreover, the issue of whether Ms. Smith may testify that she was not interviewed by Ms. Moore and the issue of whether Ms. Smith may testify regarding her own allegation of sexual assault are two distinct issues. The Court will rule on each.

The Court **PRELIMINARILY GRANTS**, however, Defendant's motion concerning Jason Wright and the Facebook message he sent to Mr. Bowles's wife. The message was apparently sent by Ms. Smith's son, Mr. Wright, to Mr. Bowles's wife via Facebook at an unknown date after the alleged incident in question. See ECF No. 36-2.

Plaintiff's response brief misunderstands the rule against hearsay. Hearsay is any out-of-court statement offered for the truth of the matter asserted, unless the statement falls within an exception under Federal Rule of Evidence 801. Fed. R. Evid. 801. Hearsay statements are inadmissible unless an exception applies. Fed. R. Evid. 802. Contrary to Plaintiff's argument, an out-of-court statement is typically hearsay, even if the witness confirms making the statement on the stand. Thus, the Facebook message does not lose its hearsay nature simply by Mr. Wright testifying at trial that he indeed sent the message. More importantly, the Court does not now see any admissible purpose for the Facebook message—its relevance to a fact at issue is by no means apparent. As this is merely a preliminary ruling, Plaintiff is free to argue an admissible

purpose, but she may not call Mr. Wright to the stand until the Court has ruled that he has relevant, admissible evidence to offer.

### B. Teresa McFayden and Andrew Hall

Defendant argues that Teresa McFayden is the Human Resources and Payroll Manager for Defendant and that Andrew Hall was the Maintenance Director there before Mr. Bowles.  Mot. Limine 5–6, ECF No. 49.  Defendant believes Plaintiff intends to call Ms. McFayden to testify that Mr. Hall once referred to Plaintiff as a "wacko" and intends to call Mr. Hall to testify that he has no recollection of ever calling her that name.  *Id.*  Defendant argues the entire line of testimony concerning whether Mr. Hall called Plaintiff a "wacko" is irrelevant and should be excluded.

Plaintiff responds that Ms. McFayden offered a false affidavit in this case claiming that Mr. Hall called Plaintiff a "wacko" and that Plaintiff is entitled to show the jury the falsity of that claim by calling Mr. Hall as a witness.  Resp., ECF No. 53.

Relevant evidence is, for the most part, admissible.  Fed. R. Evid. 402. Irrelevant evidence is inadmissible.  Fed. R. Evid. 402.

As neither party provided the Court with Ms. McFayden's affidavit or any context regarding when this statement was allegedly made or whether it has anything to do with Defendant's investigation of Plaintiff's sexual assault allegation, the Court is hard-pressed to determine the relevance of such testimony.  From the best the Court can glean from the briefing, it appears that,

during discovery, Ms. McFayden provided an affidavit in which she opined that Plaintiff "had a reputation for drama" at Defendant's facility.  P. Witness List 2, ECF No. 51.  It seems, however, that Defendant will not be calling Ms. McFayden as a witness to offer that opinion at trial.  As such, it is not apparent why Plaintiff would need to rebut that opinion—which, it seems, will never be heard by the jury—with Mr. Hall's testimony.[1]

Accordingly, the Court **PRELIMINARILY GRANTS** Defendant's motion in limine.  Plaintiff may, of course, argue at the Final Pretrial Conference why the Court should permit her to call Ms. McFayden as an adverse witness.  Similarly, Defendant shall inform the Court at the Final Pretrial Conference whether it intends to introduce evidence of Plaintiff's reputation in the workplace.

### C. Text Messages

Defendant contends Plaintiff wishes to introduce into evidence text messages sent between herself and her former coworkers.  Mot. Limine 6, ECF No. 49.  Defendant asserts the text messages are inadmissible hearsay and are irrelevant.  *Id.*

Plaintiff argues that the text messages are not hearsay if Plaintiff testifies at trial to making the statements.  Resp., ECF No. 53.

Plaintiff again misunderstands the hearsay rule.  Without having reviewed all the text messages Plaintiff wishes to introduce into evidence, it appears from

---

[1] Indeed, it seems that *Plaintiff* curiously wants to be the first to insert this reputation evidence at trial solely so that she can rebut it.

the example Defendant provided that the messages are, in fact, hearsay, and the Court does not see any apparent permissible purpose for the evidence. The Court **PRELIMINARILY GRANTS** Defendant's motion in limine but will give Plaintiff an opportunity to argue a non-hearsay, relevant purpose for the evidence. Plaintiff should be prepared to give the Court at the Final Pretrial Conference a copy of all the text messages she intends to offer into evidence as well as an argument, specific to each message, relating to the admissibility of that text message.

### D. Dr. Brams

Defendant requests, in the event the Court does not fully exclude Dr. Bram's testimony, that the Court prohibit Dr. Bram from opining: (1) that Mr. Bowles in fact sexually assaulted Plaintiff; (2) that Defendant's investigation into Plaintiff's complaint was insufficient; and (3) that Defendant's efforts to prevent further sexual assault after Plaintiff's complaint were insufficient. The Court will address these arguments in its Opinion and Order ruling on Defendant's Rule 702 motion.

### III. CONCLUSION

For the following reasons, Defendant's motion in limine is granted in part and denied without prejudice in part. The Clerk shall terminate ECF No. 49.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**