UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Dawn Waers,

    Plaintiff,

v.

Embassy Healthcare, Inc. -
Embassy Cambridge, LLC,

    Defendant.

Case No. 2:20-cv-3713

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

Embassy Healthcare, Inc. Embassy Cambridge, LLC ("Defendant") moves to exclude the testimony of Dawn Waers's ("Plaintiff") expert Jolie Brams, Ph. D. ("Dr. Brams"). ECF No. 37. For the following reasons, Defendant's motion is **DENIED**.

### I.    BACKGROUND

Plaintiff alleges her co-worker sexually assaulted her in March 2020 and Defendant, her employer, failed to adequately address the situation. *See generally*, Amended Compl., ECF No. 19. Plaintiff filed this action, alleging, *inter alia*, that Defendant violated Title VII of the Civil Rights Act of 1964 and the Ohio Civil Rights Act by creating a hostile work environment that led to her constructive discharge and by retaliating against her for reporting the alleged assault. *Id.* at ¶¶ 31–65.

In support of her request for damages, Plaintiff retained licensed clinical and forensic psychologist Dr. Brams as an expert witness. *See* ECF No. 38. Dr. Brams conducted a forensic evaluation of Plaintiff and produced an expert report. *Id.* Defendant moved to exclude Dr. Brams's report and testimony, arguing, *inter alia*, that her report and testimony are not reliable under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993). *See* ECF No. 37. Plaintiff opposes the motion. *See* ECF No. 38.

## II. STANDARD OF REVIEW

The admissibility of expert witness testimony is governed by Federal Rules of Evidence 702 and 703. Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. This rule reflects the well-established judicial precedent that district courts must act as "gatekeepers" in determining the admissibility of such testimony. *Johnson v. Manitowoc Boom Trucks, Inc.*, 484 F.3d 426, 429 (6th Cir. 2007) (discussing *Daubert,* 509 U.S. at 597 and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 148 (1999)). "[T]he gatekeeping inquiry must be tied to the facts of a particular case, depending on the nature of the issue, the expert's particular

expertise, and the subject of his testimony." *Id.* at 430 (internal quotation marks and citation omitted).

Although "not a definitive checklist or test," some factors that may bear on the third part of the Rule 702 analysis are:

> (1) whether a theory or technique . . . can be (and has been) tested; (2) whether the theory has been subjected to peer review and publication; (3) whether, with respect to a particular technique, there is a high known or potential rate of error and whether there are standards controlling the technique's operation; and (4) whether the theory or technique enjoys general acceptance within a relevant scientific community.

*Id.* at 429 (internal quotation marks and citations omitted). The Sixth Circuit has emphasized that the "exclusion of a medical doctor's professional opinion, rooted in that doctor's extensive relevant experience, is rarely justified[.]" *Gass v. Marriott Hotel Services, Inc.*, 558 F.3d 419, 427 (6th Cir. 2009) (internal quotation marks and citations omitted). However, "expert testimony prepared solely for purposes of litigation, as opposed to testimony flowing naturally from an expert's line of scientific research or technical work, should be viewed with some caution." *Johnson*, 484 F.3d at 434.

The proponent of expert testimony must establish its admissibility by a preponderance of proof. *Nelson v. Tenn. Gas Pipeline, Co.*, 243 F.3d 244, 251 (6th Cir. 2001) (citing *Daubert*, 509 U.S. at 592 n.10). Whether to admit expert testimony is within the district court's discretion. *Johnson*, 484 F.3d at 429 (citation omitted).

## III. ANALYSIS

Defendant argues that Dr. Brams's testimony should be excluded because: (A) she is not qualified as an expert in the specific subject area that forms the basis of her opinion; (B) her testimony is irrelevant; (C) her testimony is not reliable because it is not based on sufficient facts or data and because she does not reliably apply otherwise reliable principles and methods to the facts of the case; and (D) her testimony draws an impermissible legal conclusion. See ECF No. 37.

### A. Dr. Brams is an Expert in the Specific Subject Area that Forms the Basis of Her Opinion.

Dr. Brams is competent to testify as to Plaintiff's emotional distress, which is relevant to the issue of damages. Dr. Brams is a heavily credentialed clinical and forensic psychologist with decades of experience. Brams CV, ECF No. 37-5. She has testified in approximately fifty trials and has provided an opinion in at least seven cases that involved a claim against an employer based upon a sexual assault of the employee. Brams Dep. 6, 13, ECF No. 37-2. Thus, her experience, training, and education qualify her under Federal Rule of Evidence 702(a) to offer an expert opinion as to Plaintiff's emotional distress. See Sanford v. Russell, 387 F. Supp. 3d 774, 778–89, 782–83 (E.D. Mich. 2019) (finding that a licensed clinical and forensic psychologist is qualified to present expert testimony on emotional distress and trauma due to his academic training and licensed experience).

Defendant refutes Dr. Brams's qualifications by recasting the import of her opinion. That is, Defendant contends that Dr. Brams opines not (or at least not only) about Plaintiff's emotional distress but also about whether Defendant's investigation of Plaintiff's alleged assault was sufficient. This characterization of Dr. Brams's opinion stems from the statement in her report that Plaintiff suffered significant mental anguish as a result of "Defendant's allegedly deficient response to the unwitnessed and unsubstantiated allegation lodged by Plaintiff against her co-worker[.]" Mot. 2, ECF No. 37. Defendant argues that Dr. Brams is not qualified to opine on the sufficiency of Defendant's investigation because she is not an expert in the field of human resources and because she lacks knowledge about what constitutes acceptable workplace investigation practice. *Id.* at 3–4.

Defendant misstates the purpose of Dr. Brams's testimony. Dr. Brams does not purport to offer her opinion as to whether Defendant properly or improperly investigated Plaintiff's complaint of sexual assault. Rather, the purpose of Dr. Brams's testimony is to assist the jury in evaluating Plaintiff's emotional damages as a result of *Plaintiff's perception* of the events, not Dr. Brams's opinions about the events.

**B.     Dr. Brams's Opinion is Relevant.**

Having established the parameters of Dr. Brams's testimony and her requisite qualifications, the Court can easily conclude that Dr. Brams's testimony is relevant under Federal Rules of Evidence 702(a) and 401. Plaintiff must prove

damages, and Dr. Brams's testimony will assist the jury in evaluating Plaintiff's damages in the form of emotional distress. *See Cooper v. Memphis Area Med. Ctr. for Women*, No. 04-2806 Ma/V, 2005 WL 5985551, at *3 (W.D. Tenn. Dec. 29, 2005) (holding that a psychologist's testimony as to mental state is relevant to show injury and damages).

### C. Dr. Brams's Opinion is Based on Sufficient Facts and Data and Applies Reliable Principles and Methods.

Defendant next argues that Dr. Brams's testimony is not based on sufficient facts or data under Rule 702(b) and that it does not apply reliable principles and methods under Rule 702(c).

At the outset, the Court notes that Dr. Brams's report is not a model of clarity in demonstrating her methodology or evaluative principles. Nevertheless, it states that Dr. Brams interviewed Plaintiff for approximately four hours and reviewed Plaintiff's therapy notes and documents relevant to the claims in this case, such as the police report, Complaint, Defendant's responses to discovery, and other discovery materials. *See* Brams Report, 1–2, ECF No. 37-1. A fair reading of her report demonstrates that her methodology was synthesizing this information and applying her experience and knowledge about psychology and mental health to come to a conclusion as to Plaintiff's emotional distress.

Upon reflection, the Court finds that the *Daubert* factors are not particularly helpful in analyzing the reliability of principles and methods employed by Dr. Brams in this case. *See* Fed. R. Evid. 702 advisory committee notes

(2000 amendment) ("the standards set forth in the amendment [to Rule 702] are broad enough to require consideration of any or all of the specific *Daubert* factors where appropriate" and "not all of the specific *Daubert* factors can apply to every type of expert testimony."); *see also Tyus v. Urban Search Mgmt.*, 102 F.3d 256, 263–64 (7th Cir. 1996). Notably, other district courts have admitted expert opinions when the experts have based their opinions on similar facts and data and have engaged in similar evaluative methodologies. *See e.g.*, *Sanford*, 387 F. Supp. 3d at 778–79 (holding that Plaintiff may call a forensic psychologist as a damages expert in a § 1983 wrongful conviction case because the expert's conclusions were sufficiently reliable when based on twelve hours of personal interviews with Plaintiff, interviews with others who knew Plaintiff, a review of Plaintiff's educational, correctional, and medical records, and a review of court records); *M.B. ex rel. T.B. v. Women's Christian Alliance*, No. CIV.A. 00-5223, 2003 WL 21384836, at *8–9 (E.D. Pa. June 16, 2003), *aff'd M.B. ex rel. T.B. v. City of Philadelphia*, 128 F. App'x 217 (3rd Cir. 2005) (concluding that it was not prejudicial error for a psychiatrist to offer expert testimony as to psychological harm based only on interviews with the victim and a review of the victim's records following a sexual assault). Based on the information that Dr. Brams reviewed, her experience and knowledge as to emotional distress, and other court's findings that such facts and methodology are consistent with Rule 702's requirements, the Court finds that Dr. Brams's proposed testimony is based on

sufficient facts and data under Rule 702(b) and is the product of reliable methods under Rule 702(c).

Additionally, Dr. Brams reliably applied her methodology to the facts of this case as required by Rule 702(d). Dr. Brams's report shows that she discussed and considered information from Plaintiff about past stressors in her life; that she considered information from Plaintiff's counseling records; and that she considered information from case-related documents to conclude that Plaintiff "suffered significant mental anguish[.]" Brams Report 8, ECF No. 37-1. Dr. Brams specifically notes that "[t]here is no indication of maladaptive or pervasively negative personality characteristics, nor indications of manipulation or malingering in her history or presentation." *Id.* She considered additional stressors in Plaintiff's life, such as her father's illness, her brother's drug addiction, and her concern for her children's safety during the pandemic, and Dr. Brams concluded that these additional stressors are not "additionally problematic stress that would compromise or worsen her mental health." *Id.* These conclusions are not inconsistent with the factual information detailed in her report, and they demonstrate that Dr. Brams considered the information she was given and came to a reasonable conclusion, based on the facts of this case and her extensive professional experience, that Plaintiff was suffering significant mental anguish.

Defendant's arguments that Dr. Brams's testimony does not meet the Rule 702 requirements are unavailing.

First, Defendant argues that Dr. Brams's evaluation is not reliable because she failed to conduct any psychological testing, complete a structured interview, utilize a standard rating scale, or evaluate any collateral information. Mot. 7, ECF No. 37. Defendant relies on an expert report authored by Dr. Christopher Marrett. ECF No. 37-4. Dr. Marrett reviewed Dr. Brams's report, Plaintiff's counseling records, court-related documents, and other documentation to conclude that Dr. Brams's opinion was incorrect and that Dr. Brams should have done more to assess Plaintiff's emotional distress. *Id.* However, an expert's opinion need not necessarily be correct, it need only be reliable. *See Ullman v. Auto-Owners Mut. Ins. Co.*, 502 F. Supp. 2d 737, 742 (S.D. Oh. 2007); *see also In re Scrap Metal Antitrust Litigation*, 527 F.3d 517, 529–30 (6th Cir. 2008). Again, although Dr. Brams's report is not always clear, a fair reading of her report demonstrates that her assessments and conclusions are grounded in her experience as a clinical and forensic psychologist, and the Court is not persuaded that Dr. Brams needed to administer additional psychological tests to arrive at a reliable conclusion.

Next, Defendant chiefly relies on the Sixth Circuit's decision in *Best v. Lowe's Home Ctrs., Inc.*, 563 F.3d 171, 177 (6th Cir. 2009) for the proposition that Dr. Brams's testimony is not reliable. Defendant argues that *Best* articulated "seven factors, considered 'red flags,' that suggest an expert's testimony is unreliable and should be excluded." Mot. 6, ECF No. 37. Defendant's citation to *Best* is unpersuasive, chiefly because Defendant misreads *Best*. Nowhere in

*Best* does the Sixth Circuit embrace or approve of these factors in analyzing the reliability of expert testimony. *See generally id*. The Sixth Circuit does not address or discuss these factors in its opinion at all, save for its statement that the district court relied on them, and, indeed, it goes on to use a different test for evaluating the at-issue expert's opinion. *See id*. at 179. Therefore, Defendant's reliance on these factors is misplaced.

Finally, Defendant specifically takes issue with the fact that Dr. Brams's evaluation is based off of "an incident that Dr. Brams only assumes to have occurred based on Plaintiff's assertion[.]" Mot. 2, ECF No. 37. That assumption does not make Dr. Brams's evaluation unreliable or inadmissible. Indeed, this Court has stated that such an assumption is acceptable in a psychological evaluation. *See Hughes v. Goodrich Corp.*, No. 3:08cv236, 2010 WL 3767457, at *3 (S.D. Oh. Sept. 27, 2010) (noting that Federal Rule of Evidence 703 "allows an expert to base an opinion as to causation on assumed facts provided to him at or before trial."). Defendant can certainly cross-examine Dr. Brams regarding the how her opinion would change if her assumption was found to be incorrect.

Keeping in mind that "rejection of expert testimony is the exception, rather than the rule," *U.S. ex rel. Tennessee Valley Auth. v. 1.72 Acres of Land in Tennessee*, 821 F.3d 742, 749 (6th Cir. 2016), none of Defendant's arguments against admissibility are persuasive. Overall, the thrust of Defendant's complaints about Dr. Brams's report and her anticipated testimony go to the weight of the testimony, not its admissibility.

### D.  Dr. Brams Does Not Offer an Impermissible Legal Conclusion.

As to Defendant's concern that Dr. Brams's testimony draws an impermissible legal conclusion, Plaintiffs have represented to the Court that Dr. Brams will not offer an expert opinion as to whether a sexual assault occurred or as to whether Defendant's response to Plaintiff's report was deficient.  *See* ECF No. 38.  The Court agrees such opinions would be improper expert testimony, and Dr. Brams may not offer her opinion on either of these matters.

## IV.  CONCLUSION

Defendant's motion to exclude Dr. Brams's testimony under Federal Rules of Evidence 702 and 703 and *Daubert* is **DENIED.**  Dr. Brams may testify as to Plaintiff's emotional distress.

The Clerk is **DIRECTED** to terminate ECF No. 37.

**IT IS SO ORDERED.**

> _/s/ Michael H. Watson_
> **MICHAEL H. WATSON, JUDGE**
> **UNITED STATES DISTRICT COURT**